UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YASIN MAHDI,<br><br>                    Plaintiff,<br><br>            - against –<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>                    Defendant. | Docket No.: 1:25-cv-6211<br><br>**<u>NOTICE OF REMOVAL</u>** |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Midland Credit Management, Inc. ("Defendant") hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of New York, where it is now pending, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendant states as follows:

1.    On April 25, 2025, Plaintiff filed a Summons and Verified Complaint ("Complaint") in this action entitled *Yasin Mahdi v. Midland Credit Management, Inc.,* bearing Index No. 155434/2025 before the Supreme Court of the State of New York, New York County. The Complaint alleged, in sum and substance, that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA"). True and correct copies of the Summons and Complaint are annexed hereto as **Exhibit A**.

2.    The Complaint alleged that "[a]s a direct result of Defendant's inaccurate and incomplete reporting, Plaintiff's FICO credit scores were materially lowered, and Plaintiff was denied credit opportunities" (**Exhibit A**, Complaint, ¶16), that "Plaintiff suffered financial harm, emotional distress, humiliation, and mental anguish as a direct and proximate result of

1

1088416\325529063.v1

Defendant's alleged conduct described herein" (**Exhibit A**, Complaint, ¶17), and that "Defendant's alleged conduct caused Plaintiff's credit scores to decrease and caused actual damages, including credit denials, higher costs of credit, and emotional distress." (**Exhibit A**, Complaint, ¶25).

3. On July 9, 2025, Defendant filed a pre-answer motion for an Order, pursuant to CPLR 3211(a)(8), dismissing the Complaint for lack of personal jurisdiction.

4. On July 11, 2025, Plaintiff filed a Verified Amended Complaint and Jury Demand ("Amended Complaint"). The Amended Complaint alleges, in sum and substance, that the Defendant violated the FDCPA and the FCRA. A true and correct copy of the Amended Complaint is annexed hereto as **Exhibit B**.

5. The Amended Complaint specifically alleges that "[a]s a direct result of MCM's inaccurate and incomplete reporting, Plaintiff's FICO credit scores were materially lowered by approximately 50 points, causing denials of credit by two New York financial institutions on or about August 2024 for applications for personal credit cards", and that "[t]hese credit denials caused Plaintiff concrete and particularized harm, including the inability to secure personal credit cards, increased borrowing costs, and emotional distress, including humiliation, anxiety, and mental anguish, *inter alia.*" (**Exhibit B**, Amended Complaint, at ¶¶26-27). Among other things, the specific allegations regarding purported denials of credit by two New York financial institutions on or about August 2024 for applications for personal credit cards were not included in the Complaint. (*See* **Exhibit A**).

6. In the Amended Complaint, Plaintiff alleges that "Plaintiff has standing to bring this action under both New York and federal law", further alleging that "Plaintiff suffered concrete and particularized injuries, including lowered credit scores, credit denials by New York financial institutions, increased borrowing costs, and emotional distress, *inter alia*, directly

1088416\325529063.v1

traceable to MCM's violations of the FDCPA and FCRA".  (**Exhibit B**, Amended Complaint, at ¶¶29-30).

7.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served in the state court action are annexed hereto as **Exhibits A (Complaint), and B (Amended Complaint).** A copy of the docket/Document List for this action currently pending before the Supreme Court of the State of New York, County of New York, bearing Index No. 155434/2025, obtained from the New York State Courts Electronic Filing System (accessed on July 29, 2025) is annexed hereto as **Exhibit C**.

8.      This action may be removed pursuant to 28 U.S.C. § 1441 as this Court has federal question jurisdiction under 28 U.S.C. §1331 as this action alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* and the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (*See* Amended Complaint at **Exhibit B**). Additionally, the Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

9.      This Notice of Removal is timely because it is filed within thirty (30) days after Plaintiff filed and served the Amended Complaint, from which it was first "ascertained that the case is one which is or has become removable". 28 U.S.C. §1446(b); *see also Anthony v. Gentile*, No. 21-cv-7210 (LDH), 2022 U.S. Dist. LEXIS 177666, at *3 (E.D.N.Y. Sep. 29, 2022) ("If a case is not removable on 'the initial pleading,' a defendant may nevertheless remove the action within 30 days of receipt of 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'").

10.     Written notice of this Notice of Removal will be filed in the Supreme Court of the State of New York, New York County and served.

11.     A civil cover sheet accompanies this Notice of Removal.

1088416\325529063.v1

**WHEREFORE,** Defendant Midland Credit Management, Inc. respectfully requests that this action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: New York, New York
July 29, 2025

HINSHAW & CULBERTSON LLP
*Attorneys for Defendant*
*Midland Credit Management, Inc.*

By:    *s/ Dana B. Briganti*
Dana B. Briganti
800 Third Avenue, 13th Floor
New York, NY 10022
Tel: (212) 471-6248
Fax: (212) 935-1166
Email: dbriganti@hinshawlaw.com

TO:

Brian Ponder LLP
Brian Ponder, Esq.
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (646) 450-9461
Email: brian@brianponder.com
*Attorneys for Plaintiff*

4

1088416\325529063.v1